LORENZO COLALUCA *vs.* GEORGE A. FULLER COMPANY.

APRIL 21, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This cause is before us on the petitioner's appeal from a decree of the superior court denying and dismissing his original petition for compensation under general laws 1938, chapter 300.

An examination of the record discloses the following facts. The petitioner claimed that he was incapacitated by reason of an accident which occurred on March 29, 1943 when he was employed by the respondent as a plumber's helper at Quonset Point; that as he was guiding a sixteen-inch pipe on a crane and while it was being lowered into position it struck his left leg, causing a dislocated semilunar cartilage and a strain of the left patella. The doctor who examined the petitioner on the day of the accident testified that the injury was to the *right* knee; that at his direction an X ray of the *right* knee was made; that there was no record of an X ray of the *left* knee; and that petitioner returned to work on the day of the accident. He continued working, although at somewhat lighter work, and there is no evidence that he suffered any loss of pay. He was employed by the respondent after the accident for three or four months until he was released because of a general layoff. Several months later he secured employment at the Walsh-Kaiser shipyard, where he worked from October 5 to October 18, 1943.

Taken together, the testimony of the petitioner and the hospital records disclosed *three* separate accidents, any one of which could have caused the petitioner's disability after October 18, 1943. The hospital record of October 21, 1943 recites that petitioner "Has sore swollen knee, hurting badly since yesterday. Denies hitting it or wrenching it. Can't straighten it out well. Was bending down all day yesterday fixing a sink trap. Hurt it 8 months ago also." The petitioner testified, in contradiction of such record, that he worked only about five minutes, sitting on the floor, fixing a trap in his home. The record of October 23, 1943 states: "Patient has had pain in left knee off and on for *two weeks*." (italics ours) The record of October 30, 1943,

which refers to a third accident, reads as follows: "The patient now states that the first time he noted any trouble with his knee was *three - four* weeks prior to his admission here while he was working at the Walsh-Kaiser Company as a pipe fitter, and during his working hours he had fallen on a piece of iron and struck the left knee and next day he could not work it was so painful and he had to stay in bed a few days. He reported all this at the shipyard." (italics ours)

While the above history referred to the left knee striking a piece of iron, Dr. William A. Horan, one of the physicians called by the petitioner, stated in cross-examination that a fall resulting in the left knee striking the ground or a piece of steel could produce an injury to the cartilage, which was one of the petitioner's claims. Doctor Roland Hammond, another physician who testified for the petitioner, stated that it might or might not cause such an injury. He also testified that he made two examinations of the petitioner, one on November 24, 1944 and the second on January 31, 1947. He stated that on his first examination the petitioner told him that in *October* or *November* of *1942* he was struck on the inner side of the knee by a piece of "6-inch" pipe which was swinging in a crane, and further stated that he received no history of any other injury.

It appears therefore that petitioner failed to call to the attention of the examining physician, in this case an orthopedic specialist, two other accidents which had intervened between his original injury and the physical examination, both of which had been referred to in the hospital records in connection with the petitioner's medical history. It is to be noted that the original petition in this case was not filed with the director of labor until September 19, 1944 and that all three of the accidents referred to in the testimony had occurred before such filing.

The decree appealed from contained the following findings of fact: "1. That he sustained an accident on March 29, 1943 while in the employ of the respondent company.

2. That said accident did not result in a compensable injury to the said petitioner. 3. That his present condition, or his condition as it existed from October 18, 1943 to the present time, is not the result of the said accident of March 29, 1943. 4. That during the period from October 18, 1943 to the present time, the said petitioner has had some incapacity for work, the cause of which incapacity the Court is unable to state." From such decree the petitioner has filed his appeal to this court and contends that there was no legal evidence to support the above findings of fact numbered 2, 3 and 4.

We have repeatedly held that it is the duty of the petitioner to prove by a fair preponderance of the evidence that he suffered a *compensable* injury as the result of the particular accident upon which he bases his claim and that it is not the obligation of the respondent to prove otherwise. In *DeLallo* v. *Queen Dyeing Co.*, 73 R. I. 325, this court said: "The petitioner here has the burden of proving by a preponderance of evidence a *causal connection* between the industrial accident and the injury for which he claims compensation." (italics ours) In *Barker* v. *Narragansett Racing Ass'n, Inc.*, 65 R. I. 489, 496, the court used the following language: "We will examine the evidence in compensation cases to determine only whether or not the findings of fact by a justice of that court are supported by legally competent evidence, direct, circumstantial, or by reasonable inference. If such findings are so supported, we cannot disturb his findings; but if they are not so supported, then there is an error of law which warrants our interference." It therefore was incumbent upon the petitioner to establish a causal connection between his disability and the particular accident which was the basis of his claim. It was not sufficient to leave the matter to conjecture or speculation.

Our examination of the record shows that the trial justice was confronted with conflicting evidence and the apparently inconsistent statements made by the petitioner, either through his oral testimony or the medical history

given by him to the hospital. In such circumstances the findings in the decree that the petitioner did suffer an accident on March 29, 1943, but that such accident did not result in a compensable injury, as well as the other findings numbered 3 and 4, in our opinion are based upon legally competent evidence or inferences which may reasonably be drawn therefrom. Since no fraud is either alleged or proved, such .findings of fact are therefore conclusive under the act. G. L. 1938, chap. 300, art. III, §6.

The appeal of the petitioner is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Carl Testa, Alfred H. O. Boudreau,* for petitioner.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr., Thomas J. Hogan,* for respondent.